# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Pinnacle Bank, ) | C/A No. 2:20-837-RMG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| Tradesman Brewing Co., Inc., *et al,* ) | |
| ) | |
| Defendants. ) | |
| ) | |

Before the Court is Plaintiff Pinnacle Bank's motion to compel. (Dkt. No. 54). For the reasons set forth below, the Court denies Plaintiff's motion.

## I.    Background

This is an action for foreclosure of real estate mortgages and claim and delivery, pursuant to Section 7(a) of the Small Business Act of 1953, as amended. *See* 15 U.S.C. 631, *et. seq.*; 13 C.F.R. 120, *et. seq.*

On June 10, 2020, Plaintiff Pinnacle Bank (the "Bank") served Tradesman Brewing Co., Inc. ("Borrower") Plaintiff's First Set of Interrogatories and Requests for Production. (Dkt. No. 54 at 3). Borrower subsequently requested extensions—which the Bank granted—and then served the Bank, on July 30, 2020, its Objections to Plaintiff's First Set of Interrogatories and Borrower's Written Objections and Answers to Plaintiff's First Set of Requests for Production. (*Id.* at 4-5). Borrower indicated responsive documents were forthcoming. (*Id.*). On August 3, 2020 Borrower sent the Bank an email indicating that "Plaintiff would be receiving a link to Dropbox with document production, [that] files were still being uploaded, and [that] a

1

confirmation email would be sent when upload of the documents was complete." (*Id.* at 5). Thereafter:

> On August 5, 2020, Plaintiff's counsel downloaded all document production from the Dropbox link Borrower's counsel provided, which consisted of 1,958 pages of documents at such time. After review of Borrower's document production, together with Borrower's written responses to Plaintiff's First Set of Interrogatories and Requests for Production, on August 20, 2020 Plaintiff's counsel sent Borrower's counsel a letter outlining deficiencies present therein in an effort to work toward resolution of such deficiencies with Borrower's counsel. (See Ex. 6 – Aug. 20, 2020 Deficiency Letter). Shortly after sending the aforementioned letter, counsel for Borrower emailed counsel for Plaintiff, stating Borrower had produced a total of 3,432 pages of documents, not 1,958 pages, as the deficiency letter stated. (See Ex. 7 – Aug. 20, 2020 Email Corr. from Borrower's Counsel). Upon re-accessing the Dropbox link Borrower's counsel provided to Plaintiff's counsel, Plaintiff's counsel discovered that Borrower uploaded additional documents throughout the day and evening of August 6, 2020 without notifying Plaintiff's counsel of such additional production.

(*Id.* at 6).

On September 28, 2020, the Bank filed this motion to compel. The Bank argues that Borrower's above document production is insufficient because "Borrower's responses do not either specify which documents are being produced in response to each Request or, at the very least, specify whether all responsive documents in Borrower's possession have been produced in response to each Request." (*Id.* at 7).[1] In sum, the Bank argues Borrower's production fails to comply with Fed. R. Civ. P. 34(b)(2)(E). *See* (*Id.* at 13) (noting that in the Bank's "August 20, 2020 and August 21, 2020 letters to Borrower's counsel, counsel for Plaintiff respectfully requested Borrower amend and/or supplement its responses to list, by Bates No., which

---

[1] In its motion to compel, the Bank also alleged Borrower's production was deficient for two other distinct reasons. (Dkt. No. 54 at 7). But the parties agree that since the filing of the Bank's motion to compel Borrower has cured those deficiencies, leaving only one point of contention between the parties. (Dkt. No. 58 at 2) (noting that "Plaintiff agrees the parties have resolved the first and third deficiencies set forth in Plaintiff's Motion to Compel"). Therefore, this Order considers only the "second" alleged deficiency.

documents have been produced in response to each Request, respectively" or, "[i]n the alternative, Plaintiff's counsel requested, at the very least, Borrower amend and/or supplement its responses to state whether all documents responsive to each Request have been produced as they are kept in their usual course of business"); *see also* Rule 34(b)(2)(E) (requiring parties to either "produce documents as they are kept in the usual course of business *or* [] organize and label them to correspond to the categories in the request") (emphasis added).

On October 19, 2020, Borrower filed a response in opposition. (Dkt. No. 57). First, Borrower argues that Fed. R. Civ. P. 34(b)(2)(B) does not require that Borrower affirmatively state it has produced "*all* responsive documents where it [has] agreed to do so." (*Id.* at 5) ("In response to each Request for which [Borrower] was able to locate responsive documents, it stated it would produce those documents. Rule 34(b)(2)(B) sets the requirements for responses to requests for production and allows a responding party to 'state that it will produce copies of documents or of electronically stored information instead of permitting inspection.' Tradesman did exactly that.") (internal citation omitted). Second, Borrower argues that because it produced all documents as they are kept in the ordinary course of business, it has satisfied its obligations under Rule 34(b)(2)(E). (*Id.* at 7) ("All of the documents were maintained electronically, and Tradesman has produced them as they are kept in the ordinary course: either in the original format or by converting them to searchable-PDF format . . . .").

On October 15, 2020, the Bank filed a reply. (Dkt. No. 58). Therein, the Bank asserts that Borrower has not met its burden in showing that Borrower produced responsive documents as they were kept in the usual course of business. (*Id.* at 3) ("Defendants did not set forth within their responses to Plaintiff's Requests for Production that the documents produced were produced as they are kept in their usual course of business."); (*Id.* at 3-4) (citing various cases

for the proposition that a mere unsupported statement that documents have been produced as they were kept in the usual course of business fails to fulfil Rule 34(b)(2)(E)'s requirements).

On October 18, 2020, Borrower filed a sur-reply.[2] (Dkt. No. 59). Therein, Borrower argues its production complies with Rule 34(b)(2)(E) not only because documents were produced as they were kept in the usual course of business, but because Borrower's production is "organized by category and labeled." (*Id.* at 1-2) (including a graphic demonstrating how the production is organized).

The Bank's motion is fully briefed and ripe for disposition.

### II.     Legal Standard & Analysis

Under Rule 34(b)(2)(E)(i), a party has two options to respond to a request for documents. The party can "produce documents as they are kept in the usual course of business *or* must organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(2)(E)(i) (emphasis added). When a party produces documents "as they are kept in the usual course of business," it has no duty to organize and label the documents to correspond to each request. *See, e.g.*, *MGP Ingredients, Inc. v. Mars, Inc.*, Civil Action No. 06–2318–JWL–DJW, 2007 WL 3010343, at *3 (D. Kan. Oct. 15, 2007) ("If the producing party produces documents in the order in which they are kept in the usual course of business, the Rule imposes no duty to organize and label the documents, provide an index of the documents produced, or correlate the documents to the particular request to which they are responsive."). "A party who takes the option of producing documents in the usual course of its business bears

---

[2] Where "a party requests leave of court seeking the ability to file" a sur-reply, the Court may permit such a filing. *King v. McPherson*, No. 0:15-CV-2358-RBH, 2017 WL 490111, at *1 (D.S.C. Feb. 6, 2017), *aff'd*, 690 F. App'x 123 (4th Cir. 2017) (citing *Todd v. Warden, Livesay Correctional Inst.*, No. 1:14-cv-00221-TLW, 2015 WL 424573, at *12, n. 2 (D.S.C. Feb. 2, 2015)). Here, while Borrower did not seek permission to file its sur-reply, the Court will consider it in deciding the Bank's motion.

the burden of demonstrating that the documents were produced in this manner." *CTL Eng'g of W. Virginia, Inc. ms consultants, inc. v. Kokosing Constr. Co., Inc.*, No. 3:14-CV-90, 2015 WL 12751694, at *3 (N.D.W. Va. Jan. 30, 2015), *aff'd sub nom. CTL Eng'g of W. Virginia, Inc. v. MS Consultants, Inc.*, No. 3:14-CV-90, 2015 WL 1468395 (N.D.W. Va. Mar. 30, 2015) (citing *DE Techs, Inc. v. Dell, Inc.*, 238 F.R.D. 561, 566 (W.D. Va. 2006)).

Here, in asserting its compliance with the above rule, Borrower states only: "All of the documents were maintained electronically, and Tradesman has produced them as they are kept in the ordinary course: either in the original format or by converting them to searchable-PDF format as permitted by Rule 34(b)(2)(E)." (Dkt. No. 57 at 7).

The Court finds that Borrower has not met its burden of showing compliance with that portion of Rule 34(b)(2)(E) which permits production of documents as they were kept in the usual course of business. As various courts have held, "To show that it produced documents as they were kept in the ordinary course of business, a producing party cannot simply assert that the format of its production comports with its usual business practices. A producing party must also show the way in which the documents were produced did not change from how they were kept in the usual course of business." *Excel Enterprises, LLC v. Winona PVD Coatings, LLC*, No. 3:16-CV-19-WCL-MGG, 2017 WL 655861, at *2 (N.D. Ind. Feb. 17, 2017). Here, Borrower simply states—without supporting detail—that the format of its production comports with its usual business practices. *See* (Dkt. No. 57 at 7). This does not suffice. *See Excel Enterprises., LLC*, 2017 WL 655861, at *2; *Cardenas v. Dorel Juvenile Group, Inc.*, 230 F.R.D. 611, 618 (D. Kan. 2005) (finding that the defendant failed to meet its burden that documents were kept in the usual course of business because the defendant failed to "explain the origin of any of the documents, i.e. where [they] were maintained or who maintained them, and whether the documents in each

category came from one single source or file or from multiple sources or files."). Accordingly, because Borrower has not met its burden of showing the files were kept in the usual course of business, the Court proceeds to analyze whether Borrower sufficiently organized and labeled its production to correspond to the categories in the Bank's requests. *See CTL Eng'g of W. Virginia, Inc. ms consultants, inc. v. Kokosing Constr. Co., Inc.*, No. 3:14-CV-90, 2015 WL 12751694, at *4 (N.D.W. Va. Jan. 30, 2015), *aff'd sub nom. CTL Eng'g of W. Virginia, Inc. v. MS Consultants, Inc.*, No. 3:14-CV-90, 2015 WL 1468395 (N.D.W. Va. Mar. 30, 2015) (finding defendant met burden under Rule 34(b)(2)(E) where it "provid[ed] an affidavit of the I–81 Project Manager and custodian of the records, which assert[ed] that the project file was kept in the usual course of business, the file was 'carefully maintained,' and the project file contain[ed] files that are 'labeled and organized according to their content.'").

The Court finds that Borrower has sufficiently organized its production as required by Rule 34(b)(2)(E). In its sur-reply, Borrower demonstrates that it has organized its production into ten subfolders corresponding to many of the Bank's requests for production. *See* (Dkt. No. 59 at 2) ("For example, the first two subfolders respond to Request Nos. 8-10 for correspondence and documents relating to the Loan Documents and the subject loan (as well as subsequent requests for materials supporting Tradesman's counterclaims and allegations); the third subfolder responds to Request Nos. 11 and 14 for tax returns and financial statements; the fourth through sixth subfolders respond to Request No. 13 for bank account statements; and the seventh subfolder responds to Request No. 12 for corporate documents."). Further, as Borrower notes, while the "the total page count [of Borrower's production] does exceed 3,500 pages, the production includes less than 700 files/documents" and is searchable, facts that distinguish this case from the cases the Bank relies upon in its reply. *See Google, Inc. v. Am. Blind & Wallpaper*

6

*Factory, Inc.*, No.03-CV-5340, 2006 U.S. Dist. LEXIS 97912, 2006 WL 5349265, at *9-10 (N.D. Cal. Feb. 8, 2006) (production of 24 boxes and 10 compact discs of documents); *Cardenas v. Dorel Juvenile Grp., Inc.*, 230 F.R.D. 611, 618 (D. Kan. 2005) (production of 18,000 or more documents in 9 boxes).  In sum, the Bank's demand for "strict compliance with Rule 34(b)(2)(E)(i) amounts to a form-over-substance argument. As such, the cost and time [Borrower] would expend to organize and label [its roughly 700] responsive documents . . . would pose a burden that outweighs the potential benefit of the exercise to [the Bank]." *Excel Enterprises, LLC*, 2017 WL 655861, at *4 (finding that defendant's production of 30,000 documents complied with Rule 34 where production was searchable—though not labeled in strict compliance with 34(b)(2)(E)—and where plaintiff failed to articulate the specific prejudice arising from such deficiency). Thus, the Court finds Borrower has adequately organized and labeled its production under Rule 34(b)(2)(E).

### III.  Conclusion

For the foregoing reasons, the Court **DENIES** the Bank's motion to compel (Dkt. No. 54)**.**

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
United States District Court Judge

October 27, 2020
Charleston, South Carolina